## SARAN v. HILL YORK ACCEPTANCE CO., et al.

Circuit Court, Dade County, Civil Appeal.

July 15, 1957.

Walter J. Migoski, Miami, for appellant.

Padgett & Teasley, Miami, for Hill York Acceptance Co.

Broad & Cassel, Miami Beach, for Melvin Smith.

ROBERT L. FLOYD, Circuit Judge.

In the civil court of record the appellant, Genevieve Saran, was garnished by Hill York Acceptance Co., which had sued Melvin Smith for $1,000. The appellant-garnishee filed her sworn answer admitting that Smith held certain short term notes secured by a mortgage on the Magic Isle Motel which she had bought from him, also stating that she might have a claim against him for damages resulting from claims which might be made by vendors for equipment sold to him on retain title contracts, Smith having represented to her that the property was free and clear of all incumbrances.

Appellant-garnishee thereafter filed a motion for costs and an attorney's fee, stating that she had agreed to pay her attorney $250 and that under provisions of section 77.28, Florida Statutes 1955,

she was entitled to recover a "reasonable attorney's fee which she may expend, or agree to expend." The court denied the motion. A month later, plaintiff and defendant having settled their differences, the court dismissed the suit at plaintiff's cost, canceled the writ of garnishment and bond.

This appellate court is called upon to construe section 77.28 to determine whether the statute limits an attorney's fee to $10 for filing an answer by a garnishee. The pertinent portion of the statute follows—

"Before the issuance of any writ of garnishment . . . the party applying for such writ shall deposit . . . the sum of ten dollars, which . . . shall be paid to the garnishee . . . for the payment, or part payment by such garnishee of the attorney's fee which he may expend, or agree to expend, in obtaining legal services for representation in said cause in response to such writ. Upon the rendering of a final judgment in any such proceeding in which a writ of garnishment shall be issued, the court shall determine a sum that should be awarded to the garnishee for his costs and expenses in said cause, including a reasonable attorney's fee . . ."

The trial court ruled that the statute limits the attorney's fee to $10. In my considered opinion this was error. The statute gives the court power to award a "reasonable" fee to a garnishee's attorney. A reasonable fee may be $10, or it may be more, depending on the circumstances of the case.

It is interesting to note that the present section 77.28, Laws of 1943, superseded and repealed section 77.26, Laws of 1927, and all laws in conflict therewith. The old section 77.26 was very specific —$10 was the attorney's fee, no more, no less.

It is apparent that good reason guided the legislature in amending the law, that is, to allow a reasonable fee above the $10 to the garnishee for services of counsel, the allowance, however, to be determined by the court.

A contractual agreement between the garnishee and counsel is not binding on the court in that—". . . *the court shall determine* a sum that should be awarded to the garnishee for his costs and expenses . . . including a reasonable attorney's fee."

Nothing in this opinion shall be construed to effect the allowance or disallowance of any fee, nor shall any statement herein be construed as an indication of what is a reasonable fee in any case.

The court finds that the appellant is interested in reversing the order of the lower court dated December 10, 1956 denying her mo-

tion for the allowance of an attorney's fee, but that she has no interest in reversing the order of dismissal entered January 7, 1957.

The order of December 10, 1956 is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.